# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

JASON ERROL HICKS

NO. 2019 KW 1576

**JUNE 30, 2020**

---

In Re:     Jason Errol Hicks, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 38441.

---

**BEFORE:     McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WRIT DENIED.**  Based on the limited portion of the district court record before us, relator failed to demonstrate that the district court abused its considerable discretion by denying his motion in limine.  See **State v. Luper**, 2019-0489 (La. App. 1st Cir. 11/15/19), 2019 WL 6045367.  However, this ruling does not preclude relator from lodging any applicable objections to the admissibility of this evidence during the trial of the matter.  Further, this court's denial of supervisory review does not bar reconsideration of this issue on appeal.  See **State v. Scott**, 561 So.2d 170, 171 (La. App. 1st Cir.) writ denied, 566 So.2d 394 (La. 1990).

PMc
JEW

**Holdridge, J.**, dissents.  The evidence of relator's prior guilty plea to indecent behavior with a juvenile is unduly and unfairly prejudicial.  The supreme court has explained, "[t]he term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." **State v. Rose**, 2006-0402 (La. 2/22/07), 949 So.2d 1236, 1244.  I find that under the unique facts and circumstances of this case where the state has the victim's testimony, the victim's mother's testimony, and a video of the incident, to allow the state to use the relator's guilty plea to indecent behavior with a juvenile over twenty years ago would be unfairly prejudicial.  With the evidence available to the jury, the probative value of the past crime evidence is far outweighed by its possible prejudicial effect.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT